**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 21-2168

—————————

UNITED STATES OF AMERICA

v.

DYLLAN ROSE,

Appellant

—————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-20-cr-00004-001)
District Judge: Honorable Matthew W. Brann

—————————

Submitted under Third Circuit L.A.R. 34.1(a)
on October 20, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed March 20, 2023)

—————————

OPINION[*]

—————————

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

In 2019, Dyllan Rose pleaded guilty to one charge of production of child pornography. For this offense, the Sentencing Guideline range was 324 to 360 months. During the sentencing hearing, Rose set forth potential mitigating factors, such as a psychologist's report and facts relating to his upbringing. Nevertheless, the District Court sentenced Rose to a term of 348 months. Rose appealed. Because the District Court did not abuse its discretion in sentencing Rose, we will affirm.

I.

On December 30, 2019, an undercover agent made contact with Dyllan Rose on Kik, a messaging application. Rose requested sexually explicit images of the undercover agent's daughter and sent the agent many images of Rose engaging in sexual acts with his own five-year-old stepdaughter. Police arrested Rose the next day for this conduct. He pleaded guilty to one count of production of child pornography.

The U.S. Office of Probation assessed Rose's offense level at 41, with a criminal history category of I. His Sentencing Guideline range was 324 to 405 months, with a statutory maximum of 360 months.

At the outset of Rose's June 3, 2021, sentencing hearing, the District Court noted that it had read Rose's sentencing memorandum; there was also mention of Dr. Frank M. Dattilio's psychological report of Rose. Both parties stated on the record that they had read and had no objections to the Presentence Report. The government argued that, given the horrific nature of Rose's crime, the Sentencing Guideline range presented an appropriate

2

sentence.[1]  Rose's counsel countered that the government was only responding to the sentencing memorandum and not addressing the fact that Rose had taken responsibility for his actions.  Moreover, Rose's counsel argued that, given his background, a sentence of 180 months would be appropriate.

The District Court clarified that, after *United States v. Booker*,[2] the sentencing guidelines are "merely advisory" and that a judge is "permitted to tailor the sentence in light of the factors set forth at Title 18 of the United States Code at Section 3553(a)."[3]  The court then stated that it "considered the nature and circumstances of this offense, together with the history and characteristics of this defendant."[4]  Before imposing sentence, the District Court noted that it had "considered all of the Section 3553(a) factors present in this case," including the fact that Rose "himself, was abused as a child."[5]

The District Court sentenced Rose to a term of 348 months.[6]  The court found that "[t]he sentence . . . impose[d] does not appear to be significantly different from those imposed on other Defendants charged with similar offenses."[7]  The District Court also found that this sentence satisfied the 3553(a) factors, which consider the history and

---

[1] The government also made note that the sentence would have been 45 months higher if Rose had not accepted responsibility.
[2] 543 U.S. 220 (2005).
[3] Appx. 72; *see also* Appx. 73 (citing *Gall v. United States*, 552 U.S. 38 (2007)) (stating that a district court judge "must make an individualized assessment to determine whether the sentence requested by a party is statutorily supported").
[4] Appx. 73.
[5] Appx. 73.
[6] Appx. 4.
[7] Appx. 73.

characteristics of the defendant. The District Court concluded by noting that Rose had a right to appeal the sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 because Rose violated a federal statute. We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.

Rose presents one issue on appeal: whether the District Court failed to afford sufficient weight to Rose's history and characteristics, a factor under § 3553(a). District courts exercise discretion in evaluating the relative weight of the § 3553(a) factors.[8] Effectively, this calculation involves a consideration of the totality of the circumstances, including mitigating and magnifying factors.[9] A district court must give "meaningful consideration" to colorable arguments made toward or against the applicability of the § 3553(a) factors.[10]

Rose argues that, because the District Court did not adequately consider his history and characteristics, the sentence imposed was unreasonable. Our review of the reasonableness of a sentence proceeds in two steps, with the "familiar abuse of discretion standard" applied at each step.[11] First, we must ensure the procedural soundness of the

---

[8] *United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007) (en banc).
[9] *Gall*, 552 U.S. at 50–51.
[10] *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (citing *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)). *But see Rita v. United States*, 551 U.S. 338, 356–58 (2007) (reasoning that the district court need not extensively discuss each § 3553 argument raised by a defendant at sentencing).
[11] *Merced*, 603 F.3d at 214 (quoting *Gall*, 552 U.S. at 46). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an

district court's decision.[12]  If the matter is procedurally sound, we go on to the next step, the evaluation of the "substantive reasonableness of the sentence."[13]  Because neither party argues that there were any procedural defects in the calculation of Rose's advisory range, we will review only the second step in our analysis.[14]

A "'district court's failure to give [certain] factors the weight [the appellant] contends they deserve' does not mean that those factors were not considered," resulting in an unreasonable sentence.[15]  "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[16]  This inquiry is "highly deferential"[17] because the sentencing judge "is in a superior position to find facts and judge their import under § 3553 in the individual case."[18]  Indeed, "[t]he court of

_____

erroneous conclusion of law, or an improper application of law to fact." *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).  In concluding that a court will apply an abuse of discretion standard, we necessarily reject the government's argument that plain error review applies here.  The government misconstrues Rose's claim.  If it were true that Rose contended that the District Court did not consider a § 3553(a) factor, then the purported error would be a procedural one, and this court would apply plain error review.  *See United States v. Flores-Mejia*, 759 F.3d 253, 256–59 (3d Cir. 2014) (en banc).  But Rose's claim is simply that not enough weight was afforded to a § 3553(a) factor, not that it was not considered.  Therefore, abuse of discretion, not plain error, applies here.
[12] *Merced*, 603 F.3d at 214.
[13] *Id.* (citing *Ausburn*, 502 F.3d at 328).
[14] When we review an appellant's claim that a district court did not afford enough weight to a factor, we do so on substantive, not procedural grounds.  *Merced*, 603 F.3d at 217.
[15] *Id.* (quoting *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007)).
[16] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc); *see also United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) ("[A] sentence within a properly calculated Guideline range is presumptively reasonable.").
[17] *Merced*, 603 F.3d at 214.
[18] *Tomko*, 562 F.3d at 566 (quoting *Gall*, 552 U.S. at 51).

appeals . . . shall give due deference to the district court's application of the guidelines to the facts."[19]  As a result, "[t]he touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)."[20]

The District Court was aware that it "must make an individualized assessment to determine whether the sentence requested by a party is statutorily supported."[21]  The court showed this assessment by making specific note on the record of Rose's background, explicitly mentioning the fact that he was abused as a child.  The court also noted at the outset of the hearing that it had read Rose's sentencing memorandum and there was discussion of the psychological report.  The main function of both these documents was to highlight Rose's history and characteristics.

Moreover, the District Court explicitly mentioned its consideration of the § 3553(a) factors.  For example, it noted that it weighed § 3553(a)(6) by stressing the importance of similar conduct.  The court noted here that "the sentence I'm about to impose does not appear to be significantly different from those imposed on other Defendants charged with

---

[19] 18 U.S.C. § 3742(e).
[20] *Grier*, 475 F.3d at 571 (cleaned up).
[21] Appx. 73.

similar offenses."[22]  The factors need not be discussed more extensively than this,[23] so long as the District Court considers them as it did here.

## IV.

Rose received a guideline range sentence for his offense.  Because we cannot conclude that "no reasonable sentencing court would have imposed the same sentence"[24] for Rose's conduct, we hold that his sentence was substantively reasonable.  Accordingly, for the reasons stated above, the District Court did not abuse its discretion in sentencing Rose.  We will affirm the judgment of sentence of the District Court.

---

[22] Appx. 73; *see, e.g.*, *United States v. Archambault*, 740 F. App'x 195, 198 (2d Cir. 2018) (affirming the sentencing of the defendant to, among other things, 360 months of incarceration for one count producing child pornography); *United States v. Johnson*, 680 F. App'x 194, 195 (4th Cir. 2017) (affirming the 360-month sentence for one count of production of child porn); *United States v. Pontefract*, No. 2:08CR 0069-001, 2014 WL 5365362, at *4 (W.D. La. Oct. 20, 2014) (denying defendant's motion to vacate his 360-month sentence for one count of production of child pornography).

[23] *Rita*, 551 U.S. at 356–58.

[24] *Tomko*, 562 F.3d at 566.